Kramer and Associates
542 4th Avenue, Suite 207
Fairbanks, AK 99701
(907) 888-4098
mike@mikekramerlaw.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TOK AIR SERVICE, LLC,<br><br>          Plaintiff,<br><br>  v.<br><br>DEB HAALAND, in their official capacity as Secretary of the United States Department of Interior; SHAWN BENGE, in their official capacity as Director of the National Park Service; JEFF MOW, in their official capacity as Regional Director of the National Park Service; BEN BOBOWSKI, in their official capacity as Superintendent of the Wrangell-St. Elias National Park; The National Park Service; and The United States Department of the Interior,<br><br>          Defendants. | Case No. 4:21-cv-00012-HRH |

## **COMPLAINT FOR INJUNCTIVE RELIEF**

1. Plaintiff Tok Air Service (TAS) is an Alaskan Limited Liability company in good standing.

2. Tok Air service has one member, Zack Knaebel.

3. The Defendants were all within the chain of authority of the Department of Interior, National Park Service (NPS) when Ben Bobowski,

Superintendent of the Wrangell-St Elias National Park, (WRST) or (Park) denied a Big Game Transport commercial use authorization (CUA) to TAS on May 11, 2021.

4. The defendants are sued in their official capacities.

5. The injunctive relief requested would require Mr. Bobowski, and any other NPS official responsible for compliance, to rescind the denial of TAS's CUA for 2021 and to grant the CUA pending final order of this court.

6. The denial was arbitrary and capricious, an abuse of discretion, and not in accordance with the law. As such, the denial must be set aside by the court pursuant to 5 U.S.C § 706.

7. Under 5 U.S.C § 702 TAS suffered legal wrong, and this court can grant temporary and permanent injunctive relief.

8. TAS's primary source of revenue is flying non-guided resident hunters in and out of Wrangell-St. Elias National Park and Preserve.

9. TAS has flown hunters in WRST since 2014 under a Big Game Transport CUA.

10. TAS has also been granted an Air Taxi CUA since 2014. The Air Taxi CUA permits TAS to fly all other categories of park users, other than hunters, in WRST.

11. Sport hunting is specifically allowed in the preserve areas of the Park under the express terms of ANILCA when WRST was created in 1980.

12. Sport hunting is an NPS value.

COMPLAINT FOR INJUNCTIVE RELIEF
*Zack Knaebel, v. Deb Haaland, et al.* Case No. 4:21-cv-00012-HRH
Page 2 of 10
Case 4:21-cv-00012-HRH   Document 1   Filed 06/11/21   Page 2 of 10

13. The NPS cannot discriminate among park users based solely on the activity they wish to engage in.

14. Sport hunting is a beneficial use of the Park.

15. Preserving hunting opportunities for non-guided resident hunters is consistent with system unit resources and values.

16. Non-guided resident hunters wishing to hunt in WRST are underserved.

17. In 2020 TAS was one of only four air taxis that held a Big Game Transport CUA.

18. The other three air taxis have agreements with one or more WRST permitted big game guides to not drop unguided hunters in the guides' exclusive guide use area within WRST.

19. In 2020 Zack Knaebel was charged with violating AS 8.54.720(a)(2), for allegedly hindering a lawful hunt outside WRST by parking his plane on a remote airstrip and delaying another hunter from landing there for approximately two hours.

20. Mr. Knaebel has plead not guilty and is presumed innocent under the law.

21. That hunter landed the same day he expected to and could not have legally hunted that day.

COMPLAINT FOR INJUNCTIVE RELIEF
*Zack Knaebel, v. Deb Haaland, et al.* Case No. 4:21-cv-00012-HRH
Page 3 of 10
Case 4:21-cv-00012-HRH   Document 1   Filed 06/11/21   Page 3 of 10

22. Under 5 AAC 92.085(8) no one may hunt until 3:00 a.m. the day after they have flown.

23. Due to Covid related court restrictions, Mr. Knaebel had not been afforded a jury trial prior to the May 11, 2021, denial of his CUA.

24. TAS timely applied for 2021 CUA's for Big game Transport and Air Taxi.

25. Mr. Bobowski granted the Air Taxi CUA but denied the Big Game Transport CUA.[1]

26. In his notice of denial, Mr. Bobowski stated "[y]our pending criminal charge for hindering a lawful hunt is sufficient to deny this CUA application."

27. Mr. Bobowski cited 54 U.S.C § 101925 in his denial letter but relied on Regional Policy Number 700-001 (Policy).

28. Specifically, Mr. Bobowski erroneously believed he could deny a permit based on a "violation" that involved a failure to comply with a state law (hindering a lawful hunt) where a link exists between the offense and the business activity authorized.

29. A close reading of the Policy shows that this reasoning is flawed.

30. The Policy only allows a CUA to be suspended, restricted or revoked based on a violation as defined above OR when the holder is "under investigation or is charged for a criminal offense…"

---

[1] Ex. 1, CUA denial letter, dated May 11, 2021.

COMPLAINT FOR INJUNCTIVE RELIEF
*Zack Knaebel, v. Deb Haaland, et al.* Case No. 4:21-cv-00012-HRH
Page 4 of 10
Case 4:21-cv-00012-HRH   Document 1   Filed 06/11/21   Page 4 of 10

31. The Policy distinguishes a permit denial from a permit suspension, revocation, or suspension.

32. Denials are addressed in a separate paragraph under a separate heading.

33. The authorized bases for a denial do not include when the holder is merely under investigation or is charged with a criminal offense. For a denial to comport with the Policy, the denial has to be based on an established violation, not merely an investigation or a charged violation.

34. The Policy requires TAS to have failed to comply with AS 08.54.720 (a)(2) to justify denial.

35. A CUA that has been suspended or restricted during the investigation or charging stage may be reversed following final adjudication.

36. There has been no final adjudication of Mr. Knaebel's alleged violation.

37. Under general rules of statutory construction, the NPS Policy must be read to only allow denial when a violation has been finally adjudicated, after notice and an opportunity to be heard at the administrative level.

38. Mr. Bobowski went on to state two additional concerns: that NPS had received other unspecified complaints from other commercial user groups about TAS and that TAS allegedly did not have consistent professional interactions with law enforcement.

COMPLAINT FOR INJUNCTIVE RELIEF
*Zack Knaebel, v. Deb Haaland, et al.* Case No. 4:21-cv-00012-HRH
Page 5 of 10
Case 4:21-cv-00012-HRH   Document 1   Filed 06/11/21   Page 5 of 10

39. These additional concerns were not relied on by Mr. Bobowski as a basis for CUA denial.

40. NPS may only deny a CUA application consistent with Policy.

41. Mr. Bobowski's denial of TAS's CUA based on a pending criminal charge was not consistent with Policy.

42. Mr. Bobowski's denial of TAS's CUA, is subject to the Administrative Procedure Act, 5 U.S.C §§ 551 et seq.

43. This court has authority to overturn this denial when found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

44. The Policy specifies the steps Superintendent Bobowski must complete if he believes TAS (Knaebel) committed a violation.

45. First, he must notify TAS of the violation, in writing.

46. He did not do so prior to denying the CUA.

47. The Policy recognizes that it is in the best interest of NPS and TAS that TAS be made aware of the violation, be given an opportunity to take corrective action to avoid future violations, and to provide an explanation of the circumstances that lead to the violation.

48. Mr. Bobowski did not do this and therefore his denial action was not in the best interests of NPS.

49. A park superintendent who does not act in the best interests of the NPS is per se arbitrary and capricious.

50. A park superintendent who fails to follow NPS Policy when denying a commercial permit is per se arbitrary and capricious

51. Mr. Bobowski's denial of the CUA was a final administrative action at the park level.

52. Contrary to Policy, Mr. Bobowski did not give TAS the opportunity to explain the circumstances that lead to the violation before taking final action denying the CUA.

53. Mr. Bobowski simultaneously granted TAS a CUA to fly other users, such as bird watchers, in WRST.

54. This allows TAS to fly a bird watcher to any landing area within WRST while not allowing TAS to fly a hunter to the same area on the same day. The only distinction is that the bird watcher carries a camera, while the hunter carries a gun. This NPS action unconstitutionally discriminates between hunters and non-hunters with no rational basis for doing so.

55. TAS will be simultaneously filing an appeal with the NPS regional director, Jeff Mow. On information and belief, that appeal will not be heard and decided prior to July 31, the date when TAS is contracted to fly its first 2021 big game hunter into WRST.

COMPLAINT FOR INJUNCTIVE RELIEF
*Zack Knaebel, v. Deb Haaland, et al.* Case No. 4:21-cv-00012-HRH
Page 7 of 10
Case 4:21-cv-00012-HRH   Document 1   Filed 06/11/21   Page 7 of 10

56. As stated in the attached Affidavit of Zack Knaebel,[2] any further delay in approval of the 2021 CUA will cause irreparable harm to TAS and to the 31 hunters TAS has contracted with to fly in WRST beginning July 31.

57. Mr. Bobowski's denial was a final administrative action.

58. TAS does not need to exhaust its appeal with the Regional Director before pursuing temporary injunctive relief.

## RELIEF

TAS respectfully request the following relief:

A. A preliminary injunction requiring NPS to rescind the May 11 denial and to grant TAS a 2021 Big Game Transport CUA under the same conditions as 2020 pending final order of the court.

B. A final order finding that:

    i. Superintendent Bobowski was arbitrary and capricious, abused his discretion and/or otherwise acted not in accordance with law.

    ii. By denying TAS a CUA to transport hunters, but granting a CUA to transport all other users, NPS has discriminated against hunters without a rational basis for doing so in violation of the Fourteenth Amendment to the United States Constitution.

---

[2] Ex. 2, Affidavit of Zack Knaebel.

COMPLAINT FOR INJUNCTIVE RELIEF
*Zack Knaebel, v. Deb Haaland, et al.* Case No. 4:21-cv-00012-HRH
Page 8 of 10
Case 4:21-cv-00012-HRH   Document 1   Filed 06/11/21   Page 8 of 10

  iii. That NPS Policy requires a violation be finally adjudicated after notice and an opportunity to be heard before a CUA may be denied.

  iv. That NPS may not suspend, revoke or rescind TAS's 2021 CUA without first issuing a written warning providing TAS with a reasonable opportunity to cure.

DATED this 10th day of June, 2021.

            KRAMER and ASSOCIATES
            *Attorney for Plaintiff*

            /s/ Michael C. Kramer
            Michael C. Kramer
            ABA # 9605031

COMPLAINT FOR INJUNCTIVE RELIEF
*Zack Knaebel, v. Deb Haaland, et al.* Case No. 4:21-cv-00012-HRH
Page 9 of 10
Case 4:21-cv-00012-HRH Document 1 Filed 06/11/21 Page 9 of 10

# CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2021, a copy of the foregoing was served via certified mail to:

United States Attorney for The District
District of Alaska, Anchorage Office, Federal Building U.S. Courthouse
222 W. 7th Ave/ #9 Room 253, Anchorage AK 99513-7567

Attorney General of The United States at Washington, DC
U.S. Department of Justice
950 Pennsylvania Ave. N.W., Washington, DC 20530-0001

Deb Haaland, Secretary of the U.S. Department of the Interior
Department of the Interior
1849 C. Street N.W., Washington DC 20240

Shawn Benge, Director of the National Park Service
National Park Service
1849 C. Street N.W., Washington DC 20240

Jeff Mow, Regional Director of the National Park Service
National Park Service, Alaska Regional Office
240 W. 5th Ave., Anchorage, AK 99501

Ben Bobowski, Superintendent of the Wrangell-St. Elias National Park & Preserve
Wrangell-St. Elias National Park & Preserve
PO Box 439
Mile 106.8 Richardson Highway
Copper Center, AK 99573-0439

/s/ Michael C. Kramer
Kramer and Associates

COMPLAINT FOR INJUNCTIVE RELIEF
*Zack Knaebel, v. Deb Haaland, et al.* Case No. 4:21-cv-00012-HRH
Page 10 of 10
Case 4:21-cv-00012-HRH   Document 1   Filed 06/11/21   Page 10 of 10