WO        IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

TOK AIR SERVICE, LLC,                )
                                     )
                   Plaintiff,        )
                                     )
    vs.                              )
                                     )
DEB HAALAND, in her official capacity as )
Secretary of the United States Department of )
the Interior, et al.,                )
                                     )
                                     )   No. 4:21-cv-0012-HRH
                   Defendants.       )
_____)

O R D E R

Petition for Preliminary Injunction

Plaintiff moves for a preliminary injunction requiring the National Park Service to temporarily grant it a Big Game Transport commercial use authorization (CUA).[1]  This motion is opposed,[2] and plaintiff has replied to defendants' opposition.[3]  The parties expressly agreed to waive oral argument[4] and oral argument is not deemed necessary.  In

---

[1] Docket No. 3.

[2] Docket No. 12.

[3] Docket No. 14.

[4] Order re Preliminary Injunction Schedule at 2, Docket No. 11.

ORDER – Petition for Preliminary Injunction                                    -1-

addition, none of the parties requested an evidentiary hearing, nor does the court deem one necessary.

## Background

Plaintiff is Tok Air Service, LLC. The sole member of Tok Air is Zack Knaebel.[5] Defendants are Deb Haaland, the Secretary of the United States Department of the Interior; Shawn Benge, Director of the National Park Service; Jeff Mow, Alaska Regional Director of the National Park Service; and Ben Bobowski, the Superintendent of the Wrangell-St. Elias National Park. Defendants are all sued in their official capacities.

Section 101925 of Title 54 of the United States Code provides that "the Secretary [of Interior], on request, may authorize a private person, corporation, or other entity to provide services to visitors to [National Park] System units through a commercial use authorization." CUAs may only be issued for the provision of services that

> (A) will have minimal impact on resources and values of a System unit; and
>
> (B) are consistent with the purpose for which the System unit was established and with all applicable management plans and Service policies and regulations.

54 U.S. § 101925(b)(1). The term of a CUA may not exceed two years, and the statute prohibits any "preferential right of renewal. . . ." 54 U.S.C. § 101925(f).

---

[5]Complaint for Injunctive Relief at 1, ¶ 2, Docket No. 1.

The Secretary has delegated her authority regarding CUAs to National Park managers.[6] Policy 700-001 "provides guidance to Alaska national park managers when considering whether to suspend, restrict or revoke a Commercial Use Authorization (CUA) and when considering whether to approve an application for a future CUA."[7] The

> policy is intended to provide general guidance regarding the actions to be taken in the event of a permittee violation. The Superintendent may take a different action than that called for in this policy at his/her discretion. The Superintendent retains the authority to immediately suspend, restrict or revoke a CUA or deny a future CUA application. These actions are subject to the Administrative Procedure Act, . . . and therefore the Superintendent's discretion is not unlimited. A Superintendent's decision will be overturned by a court if it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.[8]

Violations for which Policy 700-001 may be invoked include:

> 1. Failure to comply with state or federal law, regulation or administrative action where a link exists between the offense and the business activity authorized, regardless of whether the violation occurred in a unit of the National Park System;
>
> * * *
>
> 4. Failure to comply with the provisions and conditions of the CUA, including national, regional, and park-specific conditions . . . ;

---

[6]Exhibit 3 at 1, Petition for Preliminary Injunction [etc.], Docket No. 3.

[7]Id.

[8]Id. at 2.

> 5. Failure to adequately and timely address material and documented operational concerns expressed by the National Park Service that may negatively impact visitor experience, park resources and/or staff and visitor safety.[9]

Plaintiff first applied for and was granted Air Taxi and Big Game Transport CUAs in 2014. A Big Game Transport CUA allows the holder to fly nonguided hunters in and out of a national park. An Air Taxi CUA allows the holder to fly all other categories of users in and out of a national park.

Defendants contend that there have been numerous complaints lodged about Knaebel since 2015 and offer a series of emails that Jan Maslen, the Concessions Management Specialist for the Wrangell-St. Elias National Park and Preserve, avers will "form [part of] the administrative record [for this case] that the Park Service will ultimately lodge with the [c]ourt."[10] Plaintiff addresses these complaints in its reply brief by offering an affidavit from Knaebel.[11]

In September 2020, Knaebel was charged by the State of Alaska with "violating AS 8.54.720(a)(2) for allegedly hindering a lawful hunt outside" of the Wrangell-St. Elias

---

[9]Id.

[10]Declaration of Jan Maslen at 1, ¶¶ 3-4, appended to Defendants' Response in Opposition to Plaintiff's Petition for Preliminary Injunction, Docket No. 12.

[11]Second Affidavit of Zachary Knaebel, appended to Plaintiff's Reply [etc.], Docket No. 14.

National Park.[12] Knaebel is alleged to have parked his plane for two hours on a remote airstrip causing another hunter to be delayed in arriving at the airstrip.[13] Plaintiff alleges that the other hunter was still able to land the "same day he expected to and could not have legally hunted that day."[14] Knaebel pled not guilty and his case has not yet gone to trial. Trial is currently set for October 25, 2021, although as plaintiff points out, due to the backlog of cases due to the COVID-19 pandemic, this date is likely to change.[15]

Plaintiff filed an application for its 2021 Air Taxi and Big Game Transport CUA on January 28, 2021.[16] On May 11, 2021, Bobowski advised Knaebel that plaintiff's 2021 CUA application for Air Taxi operations had been approved, but its application for a Big Game Transport CUA had been denied.[17] Bobowski stated that, pursuant to Policy Number 700-001,

> CUAs may be suspended or restricted when the CUA holder is under investigation or is charged with a criminal offense by state or federal authorities when a link exists between the conduct underlying the offense and the business activity authorized, even when the alleged offense occurred outside NPS-managed lands.

---

[12]Complaint for Injunctive Relief at 3, ¶ 19, Docket No. 1.

[13]Id.

[14]Id. at ¶ 21.

[15]Plaintiff's Reply [etc.] at 6, Docket No. 14.

[16]Affidavit of Zachary Knaebel at 1, ¶ 2, Exhibit 1, Petition for Preliminary Injunction [etc.], Docket No. 3.

[17]Exhibit 2 at 1, Petition for Preliminary Injunction [etc.], Docket No. 3.

> Your pending criminal charge for hindering a lawful hunt is sufficient to deny this CUA application.[18]

Bobowski further stated that Knaebel's

> pending criminal charge is consistent with numerous complaints the NPS has received about your business practices within the park. The complaints primarily involve hunting guide concessionaires, their clients and other commercial user groups. While none of these complaints have materialized into criminal charges to date, nor have they previously resulted in a denial of a permit application, collectively they represent a significant concern to the Park as you, Tok Air Service LLC, ha[ve] received more complaints in total since 2015 than any other CUA holder or concession contract at Wrangell-St. Elias National Park and Preserve. Moreover, and more importantly, your interactions with law enforcement have not been consistently professional as would be expected of a National Park Service CUA holder.[19]

On June 10, 2021, plaintiff filed an appeal with the regional director of the NPS regarding the denial of its Big Game Transport CUA. On June 29, 2021, Jeffrey Mow, Acting Regional Director, issued a decision on plaintiff's appeal.[20] Mow "modifi[ed] Superintendent's Bobowski's decision" and "authorize[d] issuance of a Big Game Transport CUA . . . subject to immediate suspension pending satisfaction" of a number of conditions.[21] The conditions include:

---

[18]Id.

[19]Id.

[20]Exhibit B, Defendants' Response in Opposition to Plaintiff's Petition for Preliminary Injunction, Docket No. 12.

[21]Id. at 2.

1. Satisfactory resolution of the pending criminal charge for hindering a lawful hunt[.]
2. Satisfactory resolution of the pending administrative charges with the State of Alaska, Big Game Commercial Services Board: 1. falsification of a Transporter Activity Report in 2018, . . . and 2. blocking of an airstrip in 2020 during hunting season[.]
3. Satisfactory resolution to the ongoing investigation involving a sub legal sheep[.]
4. No new criminal charges, administrative charges or investigations are initiated against Mr. Knaebel.
5. Submission of a satisfactory letter of intent from Mr. Knaebel to WRST detailing specific steps he will take to cooperate with: (1) law enforcement consistent with the Alaska Administrative Code 12 AAC 75.440 as well as expectations of professional behavior of a National Park Service CUA holder; and (2) other commercial operators, their clients, and visitors.[22]

Mow explained that the decision to issue a Big Game Transport CUA and then immediately suspend it was based on the following:

> (1) Mr. Knaebel has been charged with a criminal violation associated with big game transport activities under State law; (2) Mr. Knaebel committed a violation under his prior CUA by failing to operate under conditions satisfactory to the Superintendent; and (3) Mr. Knaebel committed a violation under his prior CUA by failing to adequately and timely address material and documented operational concerns expressed by NPS that may negatively impact visitor experience, park resources and/or staff and visitor safety.[23]

---

[22]Id. at 2-3.

[23]Id. at 2.

The decision set out, in some detail, incidents of Knaebel's alleged "[u]nprofessional and unethical behavior toward Federal and State officials" and "[u]nprofessional and unethical behavior toward other park users."[24]

On June 11, 2021, plaintiff commenced this action by filing a complaint for injunctive relief. Plaintiff asserts Administrative Procedure Act claims based on allegations that the May 11, 2021 denial of its Big Game Transport CUA was arbitrary and capricious, that the May 11, 2021 denial violated the Fourteenth Amendment, and that the May 11, 2021 denial violated Policy Number 700-001.

Also on June 11, 2021, plaintiff filed the instant motion in which it seeks "a preliminary injunction requiring NPS to rescind the May 11 denial and to grant [it] a 2021 Big Game Transport CUA under the same conditions as 2020 pending final order of the court."[25] In its reply brief, plaintiff now also seeks a preliminary injunction "requiring NPS to unsuspend the CUA and remove conditions 1-4."[26]

## Discussion

"'A preliminary injunction is an extraordinary remedy never awarded as of right.'" Calif. Trucking Ass'n v. Bonta, 996 F.3d 644, 652 (9th Cir. 2021) (quoting Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008)). "'A plaintiff seeking a preliminary

---

[24]Id. at 3-9. In its reply to the instant motion, plaintiff challenges the merits of these complaints.

[25]Complaint for Injunctive Relief at 8, Docket No. 1.

[26]Plaintiff's Reply [etc.] at 22, Docket No. 14.

injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Id. (quoting Winter, 555 U.S. at 20). "Where[,]" as here, "the government is a party to a case in which a preliminary injunction is sought, the balance of the equities and public interest factors merge." Roman v. Wolf, 977 F.3d 935, 940–41 (9th Cir. 2020). The "likelihood of success on the merits is the 'most important factor' in the preliminary injunction analysis, such that 'if a movant fails to meet this threshold inquiry, [the court] need not consider the other factors.'" Doe #1 v. Trump, 984 F.3d 848, 870 (9th Cir. 2020) (quoting Calif. v. Azar, 911 F.3d 558, 575 (9th Cir. 2018)). In the Ninth Circuit, courts "follow[] a 'sliding scale' approach, in which 'a stronger showing of one element may offset a weaker showing of another.'" Id. (quoting hiQ Labs, Inc. v. LinkedIn Corp., 938 F.3d 985, 992 (9th Cir. 2019)). Under the sliding scale approach, if "the 'balance of hardships . . . tips sharply towards the plaintiff,' [the] plaintiff need only show 'serious questions going to the merits,' rather than likelihood of success on the merits, to warrant preliminary injunctive relief." Roman, 977 F.3d at 941 (emphasis added) (quoting All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011)).

Section 704 of the APA provides that "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. In the Ninth Circuit, "the final agency action requirement has been treated as jurisdictional." San Francisco Herring Assoc. v. Dep't of the Interior,

946 F.3d 564, 571 (9th Cir. 2019). There is no suggestion here that the agency action in question, the May 11, 2021 denial of plaintiff's Big Game Transport CUA, is reviewable by statute. The question here is whether that denial could be considered final agency action. To be final, the agency action must "'mark the consummation of the agency's decisionmaking process'" and be "action 'by which rights or obligations have been determined, or from which legal consequences will flow.'" Id. at 568 (quoting Bennett v. Spear, 520 U.S. 154, 177–78 (1997)). The May 11, 2021 denial of plaintiff's Big Game Transport CUA was plainly not a final agency action, given that plaintiff appealed that decision and Acting Regional Director Mow modified that decision. Thus, plaintiff's complaint, as currently pled, challenges a non-final agency action, which means that this court lacks subject matter jurisdiction over plaintiff's complaint. Without jurisdiction, the court cannot grant a motion for a preliminary injunction. Shell Offshore Inc. v. Greenpeace, Inc., 864 F. Supp. 2d 839, 842 (D. Alaska 2012).

The court is mindful that plaintiff's focus for a preliminary injunction has shifted from the May 11, 2021 decision to Mow's June 29, 2021 decision. But, "[a] court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." Pacific Radiation Oncology, LLC v. Queen's Medical Ctr., 810 F.3d 631, 633 (9th Cir. 2015). Because plaintiff's current complaint does not contain any claims related to the June 29, 2021 decision, the court is without authority to grant

plaintiff's request for a preliminary injunction "requiring NPS to unsuspend the CUA and remove conditions 1-4."[27]

## Conclusion

Plaintiff's petition for a preliminary injunction[28] is denied.

DATED at Anchorage, Alaska, this 7th day of July, 2021.

/s/ H. Russel Holland
United States District Judge

---

[27]Plaintiff's Reply [etc.] at 22, Docket No. 14.

[28]Docket No. 3.